<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MARIAH SMITH, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> PHILIP ALAN BOROW, *et al.*, : <br> : <br> Defendants. : | Case No. 3:19-cv-08553-BRM-TJB <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Plaintiff Mariah Smith's ("Smith") Complaint (ECF No. 1) and application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2).

When a non-prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Stamos v. New Jersey*, Case No. 09-5828, 2010 U.S. Dist. LEXIS 9991, at *2 (D.N.J. Feb, 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' Section 1915(e)(2) applies with equal force to prisoner as well as non-prisoner *in forma paueris* cases."); *Roy v. Penn. Nat'l Ins. Co.*, Case No. 14-4277, 2014 U.S. Dist. LEXIS 114983, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision whether to grant or deny the application should be based upon the economic eligibility of the applicant as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

Having reviewed Smith's IFP application, the Court finds leave to proceed IFP is warranted, and the application is **GRANTED**. Therefore, the Court is required to screen Smith's

Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed Smith's filings and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and good cause appearing, Smith's Complaint is **DISMISSED WITHOUT PREJUDICE**.

## I.   LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds IFP. *See Stamos*, Case No. 09-5828, 2010 U.S. Dist. LEXIS 9991, at *2 (applying § 1915 to non-prisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schrenae v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Smith is proceeding IFP, the applicable provisions of the PLRA apply to the screening of her Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

All pleadings are likewise required to meet the pleading requirements of Federal Rule of Civil Procedure 8. Fed. R. Civ. P. 8 (requiring, as to complaints, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought"). *See Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based"). A district court may dismiss a complaint *sua sponte* under Rule 8 if the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Tucker v. Sec'y United States HHS*, 645 F. App'x 136, 137 (3d Cir. 2016) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Further, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]," *Binsack v. Lackawana County Prison*, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. *Tillio v. Spiess*, 441 F. App'x 109 (3d Cir. 2011).

## II. DECISION

In her Complaint, Smith asserts civil rights claims against Philip Alan Borow ("Borow"), Robert M. Adocio ("Adochio"), Marlina Papotto ("Papotto"), and W. Richard Veitch ("Veitch") in connection with a municipal court case. Smith claims she was falsely prosecuted for harassment in the municipal court and was denied the ability to testify on her own behalf. (ECF No. 1 at 3.) The Complaint contains claims imputing the ethics of the prosecutor, Adochio, as well as claims

questioning the veracity of the municipal court proceedings. (ECF No. 1-5 at 4-5.) Specifically, Smith alleges there were inconsistencies between the testimony given at trial and the police report which detailed the incident in question and states the charges against her were fabricated and baseless. (*Id.* at 5-6.)

Smith's Complaint, however, fails to meet the standard set forth in Federal Rule of Civil Procedure 8 because the allegations in the Complaint are confused and fail to identify events that give rise to Smith's claims. Initially, Smith states she was denied the ability to testify on her own behalf at trial because she had the flu and was ordered to stay home. (ECF No. 1 at 3, 4.) Then, Smith alleges Adochio failed to read her discovery and engaged in a conspiracy with the aggrieved party in the municipal action to bring false charges against Smith. (ECF No. 1-5 at 2-3, 5-6.) The remainder of Smith's Complaint is replete with unsupported and disjointed analysis of witness statements and police reports, and further, fails to provide any facts that could constitute a legal claim against the other defendants. *Twombly*, 550 U.S. at 555 (stating Federal Rule of Civil Procedure 8(a)(2) "requires a 'showing,' rather than a blanket assertion of entitlement to relief"). Because the Court will not speculate about the underlying events giving rise to the Complaint, Smith's Complaint is dismissed for failure to provide a short and plain statement that outlines the specific allegations against each defendant pursuant to Rule 8.

### III. CONCLUSION

For the reasons set forth above, Smith's application to proceed IFP is **GRANTED,** and the Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to comply with Rule 8. An appropriate order will follow.

**Date: September 10, 2020**                     */s/ Brian R. Martinotti*
                                                                **HON. BRIAN R. MARTINOTTI**
                                                                **UNITED STATES DISTRICT JUDGE**