NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIAH SMITH,<br><br>     Plaintiff,<br><br> v.<br><br>PHILIP ALLAN BOROW, *et al.*,<br><br>     Defendants. | Case No. 3:19-cv-08553-GC-TJB<br><br>**OPINION** |

CASTNER, U.S.D.J.

  This matter comes before the Court upon Plaintiff Mariah Smith's ("Plaintiff") Second Amended Complaint, filed on July 6, 2021. (ECF No. 16.) For the reasons explained below, Plaintiff's Second Amended Complaint shall be dismissed with prejudice.

**BACKGROUND**

  On March 14, 2019, Plaintiff filed her Original Complaint and an Application to Proceed *In Forma Pauperis*. (ECF No. 1.) Plaintiff named four defendants in the case: Philip Allan Borow ("Borow"), Robert M. Adochio ("Adochio"), Marlina Papotto ("Papotto"), and W. Richard Veitch ("Veitch"), (collectively, "Defendants").

  Plaintiff's Original Complaint appears to assert civil rights claims against the above-named Defendants for malicious prosecution. (Compl. at 2, ECF No. 1.) Plaintiff also appears to challenge the legitimacy of an underlying criminal municipal court proceeding, asserts that she was not permitted to testify on her own behalf, and challenges the conduct of her public defender. (*Id.* at 2-4.) On September 10, 2020, Plaintiff's Application to Proceed *In Forma Pauperis* was granted by this Court. (ECF No. 5.)

1

While Plaintiff's *in forma pauperis* application was granted, the Court dismissed her Original Complaint, stating that it "fails to meet the standard set forth in Federal Rule of Civil Procedure 8 because the allegations in the Complaint are confused and fail to identify events that give rise to Smith's claims." (ECF No. 4 at 4.)  Furthermore, Plaintiff's Original Complaint did not contain a short and plain statement that outlines the specific allegations against each Defendant. (*Id*.)

Plaintiff then timely filed a First Amended Complaint.  (ECF No. 6).  The content of Plaintiff's First Amended Complaint is substantially similar to the Original Complaint, although it added two additional parties.  (*See id*.)  Plaintiff's First Amended Complaint was dismissed, without prejudice, for the reasons set forth on the record.  (ECF Nos. 14-15.)  Plaintiff was given sixty (60) days to cure the deficiencies of the First Amended Complaint.  (*Id*.)

On July 6, 2021, Plaintiff filed her Second Amended Complaint, which is currently before this Court.  (ECF No. 16.)

**LEGAL STANDARD**

As noted in the September 10, 2020 decision granting Plaintiff's *in forma pauperis* application, the Court is required "to screen Smith's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)." (ECF No. 4 at 2-3.)  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Third, the court must determine whether the well-pleaded facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler*, 578 F.3d at 211. A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Federal Rule of Civil Procedure 8 sets forth general rules of pleading, and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(1); 8(a)(2); 8(d).

**DISCUSSION**

The Court recognizes that it must liberally construe Plaintiff's submission because she is *pro se*. *See Dluhos v. Strasberg*, 321 F.3d 365, 373 (3d Cir. 2003) ("[W]e must liberally construe the *pro se* litigant's pleadings, and we will apply the applicable law, irrespective of whether he has mentioned it by name.") However, while this Court will construe the pleading "so as to do justice," this purported action, like Plaintiff's Original and First Amended Complaints, is deficient. Fed. R. Civ. P. 8(e).

3

The crux of Plaintiff's claim appears to be a malicious prosecution claim in connection with her municipal court case. (*See* ECF No. 16.) Plaintiff brings these claims against Judge Borow, "Judicial Officer" Papotto, her attorney Veitch, and the Prosecutor Adachio. In what appears to be an allegation against Judge Borow, Plaintiff asserts that she was not permitted to testify on her own behalf. (*Id.* at 1.) However, Plaintiff also asserts that she suffered a mouth injury and had a fever of 100 degrees and was ordered by a doctor to stay home. (*Id.* at 1, 2, 6.) Then, Plaintiff's Second Amended Complaint asserts a number of allegations related to the conduct of several non-parties to this Complaint.

Despite Plaintiff's assertions, it is a "well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). Further, "immunity will not be lost merely because the judge's action is 'unfair' or controversial." *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000). There are only two ways for judicial immunity to be overcome. "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity . . . . Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Here, while Plaintiff may disagree with Judge Borow's alleged decision to allow or not allow certain testimony, such conduct certainly qualifies as a "judicial act," to which judicial immunity applies. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). *See Johnson v. Bilotta*, No. 16-8879, 2018 U.S. Dist. LEXIS 11126, at *9 (D.N.J. Jan. 23, 2018) (finding judicial immunity when Plaintiff alleges that expert testimony was erroneously permitted to proceed and noting that "Plaintiff has not relayed any facts that demonstrate [the judge] performed non-judicial acts").

Similarly, "[a] prosecuting attorney in the State of New Jersey 'who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution' is absolutely immune from suit." *Oliveira v. Borough of N. Arlington*, No. 15-7717, 2018 U.S. Dist. LEXIS 1117, at *7 (D.N.J. Jan. 3, 2018) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (alteration in original). *See LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). Public defenders are likewise absolutely immune from suit for actions taken within the scope of their professional duties as counsel. *See Carter v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *see also Polk Cnty. V. Dodson*, 454 U.S. 312, 318 (1981).

Plaintiff asserts that her attorney "allowed Sheila," a non-party, to "lie on [Plaintiff]," presumably while testifying in court. (ECF No. 16 at 5.) And, Plaintiff's claims against the prosecutor, Adochio, seem to be limited to vague assertions that she was "not allowed … to discuss the charges" with him. (*Id.* at 6.) None of the assertions made against either her attorney or the prosecutor identifies conduct that falls outside the scope of their legal duties. As a result, both the prosecutor and Plaintiff's attorney are immune from suit.

Finally, "[q]uasi-judicial immunity is given only to public employees who perform judge-like functions and attaches when a public official's role is functionally comparable to that of a judge." *Ingram v. Twp. of Deptford*, 858 F. Supp. 2d 386, 390 (D.N.J. 2012)." Plaintiff brings claims against Marlina Papotto, identified as a judicial officer, and alleges that she "allowed … false harassment" charges to go through. (ECF No. 16 at 4.) However, Papotto, properly identified as a Deputy Court Administrator, is immune from suit as well.[1] Plaintiff alleges that Papotto

---

[1] A court may, on its own, take judicial notice of "a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). According to public record, Marlina Papotto is a Deputy Court Administrator for the City of New Brunswick Municipal Court.

5

permitted false harassment charges" to go forward in her capacity as a Deputy Court Administrator.  "When judicial immunity is extended to officials other than judges, it is because their judgments are 'functionally comparable' to those of judges—that is because they, too, 'exercise a discretionary judgment' as part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993).  Here, Papotto's actions are "functionally comparable" to that of a judge, which makes her immune from suit for that action.  *See Britton v. City of Atl.*, No. 17-1986, 2018 U.S. Dist. LEXIS 176382, at *6 (D.N.J. Oct. 11, 2018).

The remainder of Plaintiff's Second Amended Complaint does not clearly identify a claim upon which relief can be granted.  In fact, much of Plaintiff's Second Amended Complaint focuses on allegations from a previously litigated state court action involving a harassment suit with non-party, Angela Reid.

Even though, "[s]pecific facts are not necessary," Plaintiff's Complaint still must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  While construing the Complaint in the light most favorable to Plaintiff, the Second Amended Complaint fails to comply with Rule 8 in that it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Because Plaintiff fails to meet the requirements of Rule 8, she has not stated a "claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

For the reasons described above, the Court must dismiss Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with prejudice.

## CONCLUSION

For the reasons set forth above, Plaintiff's Second Amended Complaint is **DISMISSED WITH PREJUDICE**.  An appropriate Order will follow.