<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIAH SMITH,<br><br>                Plaintiff,<br><br>   v.<br><br>PHILIP ALLAN BOROW, *et al.*,<br><br>                Defendants. | Case No. 3:19-cv-08553-GC-TJB<br><br>**MEMORANDUM ORDER** |

<u>CASTNER, District Judge</u>

This matter comes before the Court upon Plaintiff Mariah Smith's ("Plaintiff") Motion for Reconsideration. (ECF No. 35.) The Court reaches its decision without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Plaintiff's Motion for Reconsideration is **DENIED**.

<u>BACKGROUND</u>

On March 14, 2019, Plaintiff filed her Original Complaint and an Application to Proceed *In Forma Pauperis*. (ECF No. 1.) Plaintiff named four defendants in the case: Philip Allan Borow ("Borow"), Robert M. Adochio ("Adochio"), Marlina Papotto ("Papotto"), and W. Richard Veitch ("Veitch"), (collectively, "Defendants").

Plaintiff's Original Complaint appears to assert civil rights claims against the above-named Defendants for malicious prosecution. (Compl. 2, ECF No. 1.) Plaintiff also appears to challenge the legitimacy of an underlying criminal municipal court proceeding, asserts that she was not permitted to testify on her own behalf, and challenges the conduct of her public defender. (*Id.* 2-

1

4.) On September 10, 2020, Plaintiff's Application to Proceed *In Forma Pauperis* was granted by this Court. (ECF No. 5.)

While Plaintiff's *in forma pauperis* application was granted, the Court dismissed her Original Complaint, stating that it "fails to meet the standard set forth in Federal Rule of Civil Procedure 8 because the allegations in the Complaint are confused and fail to identify events that give rise to Smith's claims." (ECF No. 4, 4.) Furthermore, Plaintiff's Original Complaint did not contain a short and plain statement that outlines the specific allegations against each Defendant. (*Id.*)

Plaintiff then timely filed a First Amended Complaint. (ECF No. 6.) The content of Plaintiff's First Amended Complaint is substantially similar to the Original Complaint, although it added two additional parties. (*See id.*) Plaintiff's First Amended Complaint was dismissed, without prejudice, for the reasons set forth on the record. (ECF Nos. 14-15.) Plaintiff was given sixty (60) days to cure the deficiencies of the First Amended Complaint. (*Id.*)

On July 6, 2021, Plaintiff filed her Second Amended Complaint. (ECF No. 16.) This Court issued an Opinion dismissing Plaintiff's Second Amended Complaint, with prejudice, because Plaintiff's Complaint only brought suit against those who are immune from prosecution, and because her Second Amended Complaint failed to state a claim upon which relief could be granted. (Op., ECF No. 31.)

Despite the dismissal of Plaintiff's Second Amended Complaint with prejudice, Plaintiff filed a Motion for Oral Argument on May 23, 2022 (ECF No. 33), which was denied "[i]n light of this Court's Order on May 13, 2022 . . . dismissing Plaintiff's Complaint with prejudice and terminating this case (ECF No. 34).

2

Plaintiff then filed a Motion for Reconsideration on June 13, 2022. (Mot. for Reconsideration ("MFR"), ECF No. 35.) Plaintiff asserts that the Court "did not [review] any of the documents" Plaintiff attached to her complaints or moving papers. (*Id.*, 3) Defendants Papotto and Judge Borow submitted Opposition to the Motion for Reconsideration. (ECF No. 36.) Plaintiff replied[1] on June 22, 2022. (ECF No. 37.)

Plaintiff then submitted another request for oral argument on the Motion for Reconsideration. (ECF No. 38.) The Court issued an Order that "the Court will decide the Motion on the papers and will not hold oral argument on July 18, 2022. No appearance is necessary." (ECF No. 39.) Finally, Plaintiff filed another letter asking for an update on the Motion for Reconsideration, requesting oral argument, and asking for this matter to be transferred if oral argument is not permitted. (ECF No. 41.)

---

[1] According to a letter submitted to this Court by counsel for Defendants Papotto and Judge Borow, Jack M. Middough ("Middough")

> At 8:51 p.m. on June 22, 2022, Plaintiff emailed to [Middough] iPhone pictures of what [he] believe[d] to be her reply brief on the motion for reconsideration. The document is addressed to [Judge Castner] and states that Plaintiff is "replying to the letter from Jack Middough." Despite [Judge Castner] being the intended recipient of the correspondence, [Middough has] not received a docket notification showing that the letter has been filed as a formal reply brief. Therefore, [he has] attached Plaintiff's reply brief to this correspondence as Exhibit A to bring it to the Court's attention and so that it may be considered in ruling on Plaintiff's motion for reconsideration.

(ECF No. 37, 1.)

3

**LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). However, in this District, motions for reconsideration are governed by Local Civil Rule 7.1(i). Local Rule 7.1(i) requires that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge." Further, the Rule requires that a movant submit "concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). A court may only grant a Motion for Reconsideration if "(1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice." *Mondelli v. Delzotti* (*In re Mondelli*), No. 10-3393, 2011 U.S. Dist. LEXIS 67231, at *3 (D.N.J. June 23, 2011).

A motion for reconsideration is an "extremely limited procedural vehicle." *Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010) (citation omitted). "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Generally, the party that seeks reconsideration of the Court's decision must show more than "a disagreement with the Court's decision." *Panarello v. City of Vineland*, 2016 U.S. Dist. LEXIS 87907, at *10 (D.N.J. July 7, 2016) (citation omitted). It is insufficient to simply "recapitulat[e]…the cases and arguments considered by the court before rendering its original decision." *Id.* Ultimately, a Motion for Reconsideration should not "provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (citation omitted).

**DISCUSSION**

First, the Court recognizes that it must liberally construe Plaintiff's submission because she is *pro se*. *See Dluhos v. Strasberg*, 321 F.3d 365, 373 (3d Cir. 2003) ("[W]e must liberally construe the *pro se* litigant's pleadings, and we will apply the applicable law, irrespective of whether he has mentioned it by name."). However, while this Court will construe the pleading "so as to do justice," this purported action, like Plaintiff's Original Complaint, First Amended Complaint, and Second Amended Complaint, is deficient. Fed. R. Civ. P. 8(e).

As an initial matter, the Court must note that Plaintiff's Motion is untimely under Local Civil Rule 7.1, which has a fourteen (14) day filing period. Plaintiff filed her Motion for Reconsideration thirty (30) days after this Court's Opinion and Order dismissing her case. Nevertheless, "[w]hile the Court has authority to decline consideration of late filings, the Court will accept Plaintiff's Motion as if it were timely filed." *J.C. v. Locha*, No. 1:21-cv-12361, 2022 U.S. Dist. LEXIS 100402, at *4 (D.N.J. June 3, 2022).

Even considering the Motion as timely filed, the Court must deny the Motion to Reconsider.

Plaintiff's Motion for Reconsideration asserts that the Court failed to consider the documents attached to her Second Amended Complaint. (MFR 3.) Plaintiff then makes substantially the same arguments and assertions as were found in Plaintiff's Second Amended Complaint. She generally alleges that Papotto "filed a false charge against [her]." (*Id.*) She then alleges that Judge Borow permitted a non-party to testify "according to her changing the basis of her Complaint," "did not allow [Plaintiff] to defend herself or provide her own defense," was "one sided," and allowed a non-party to "commit [perjury] 2 times and still found [Plaintiff] guilty." (*Id.* 3-6.) She further asserts that the Prosecutor, Adochio, "asked [Plaintiff] a question about a

5

[F]acebook page, and "asked nothing related to the 8-14-2015 charge." (*Id.* 5.)  The remainder of Plaintiff's Motion for Reconsideration asserts a number of allegations related to the conduct of several non-parties to this Complaint, describes issues that were litigated at the state court level, highlights the same mouth injury described in her Second Amended Complaint, and generally tries to assert that Plaintiff should not have been found guilty in the underlying Court action. (*See id.* 2-9.)

Plaintiff cites no fact or law that the court erroneously overlooked when it determined that Defendants were immune from suit.  The Court's opinion makes clear that Judge Borow was immune from suit because all of his alleged decisions to permit or not permit certain testimony, making factual determinations, and rendering a judgment qualify as "judicial acts." (Op. 4.)  Case law in this District makes clear that "it is a 'well-settled principle of law that judges are generally immune from a suit for money damages.'" (*Id.*) (quoting *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (citations omitted.)  Nothing that Plaintiff asserts in her Motion for Reconsideration alleges that Judge Borow took any action that would exempt him from judicial immunity.

Similarly, this Court explained that both the prosecutor and Plaintiff's public defender are immune from suit for actions taken within the scope of their professional responsibilities. (Op. 5.)  Plaintiff again does not assert that either her public defender or the prosecutor acted outside of the scope of their respective legal positions and provides no reason for this Court to disturb the judgment below.

Finally, Plaintiff's assertions against Papotto are less clear in her Motion for Reconsideration than they were in her Second Amended Complaint. (*Compare* MFR with Second Amended Complaint.)  However, Plaintiff again seems to take issue with Papatto's actions as a

judicial officer, which this Court explained in detail do not permit her to be subject to suit. (Op., 5-6.)

Ultimately, Plaintiff has failed to demonstrate any change in law that this Court failed to consider in rendering its decision. Nor does Plaintiff provide the Court with new evidence, or demonstrate a clear error of law or fact. While the Court is sympathetic to Plaintiff's dissatisfaction with the judgment below, "[a] mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law." *J.C.*, No. 1:21-cv-12361, 2022 U.S. Dist. LEXIS 100402, at *4. Plaintiff resubmits evidence this Court has already reviewed and provides nothing new to support or challenge this Court's determination that Defendants are immune from suit, which is well-established legal precedent. *See NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions, however, may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.")

**CONCLUSION**

For the reasons described above, Plaintiff's Motion for Reconsideration is denied.

IT IS, on this 15th day of November 2022,

**ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 35) is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

Date: November 15, 2022    */s/ Georgette Castner*
                           GEORGETTE CASTNER, U.S.D.J.