**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIAH SMITH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PHILIP ALLAN BOROW, ROBERT M. ADOCHIO, MARLINA PAPOTTO, W. RICHARD VEITCH,<br><br>　　　　　Defendants. | Civil Action No. 19-08553 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

　　This matter comes before the Court upon Order of the United States Court of Appeals for the Third Circuit (ECF No. 53) remanding Plaintiff Mariah Smith's Notice of Appeal (ECF No. 47) to this Court for the limited purpose of considering whether Plaintiff is entitled to relief under Federal Rule of Appellate Procedure 4(a)(6), which provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

On May 13, 2022, the Court entered an Opinion and Order dismissing with prejudice Plaintiff's second amended complaint. (ECF Nos. 31, 32.) Thirty-one days later, on June 13, 2022, Plaintiff filed a motion for reconsideration — which the Court construed under Federal Rule of Civil Procedure 59(e) — indicating that she had received the Court's May 13, 2022 Order. (*See* ECF No. 35 at 3 ("Judge Castner what I've noticed from your order dated 5-13-22 . . . .").) One month later, on July 13, 2022, the Court entered a Text Order advising of its receipt of Plaintiff's motion for reconsideration and Plaintiff's subsequently filed letter requesting oral argument. (ECF No. 39.) That Text Order was mailed to Plaintiff and returned as undeliverable; the Text Order was then re-sent to Plaintiff at the updated address on the docket. (ECF No. 40; ECF entry dated July 28, 2022.)

On November 16, 2022, the Court entered a Memorandum Order denying Plaintiff's motion for reconsideration. (ECF No. 42.) In the order, the Court instructed that "the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail." (*Id.* at 7.) According to the notice of electronic filing, the notice of the Court's November 16, 2022 Memorandum Order was sent by regular U.S. mail to Plaintiff at 710 PLAZA DRIVE, WOODBRIDGE, NJ 07095. (ECF No. 42.) This address matches the address in Plaintiff's notice of appeal (ECF No. 47 at 1), and there is no indication on the docket that the mail was returned as undeliverable. The Court therefore has no reason to find that Plaintiff did not receive notice of the entry of the Court's November 16, 2022 Memorandum Order within 21 days after entry. The condition of subsection (A) of Federal Rule of Appellate Procedure 4(a)(6) is not satisfied.

Nor can the Court find that either of subsection (B)'s conditions — that Plaintiff's notice of appeal, which, here, the Court treats as the "motion" under Federal Rule of Appellate Procedure 4(a)(6)(B), was filed (i) within 180 days after entry of the Court's November 16, 2022

2

Memorandum Order or (ii) within 14 days after Plaintiff claimed to have received notice — is satisfied. Attached to Plaintiff's notice of appeal, filed on May 25, 2023, is her letter to Chief Judge Bumb, dated May 23, 2023, in which Plaintiff states that "I cannot appeal this case I was never mailed her denial order until 2 months." (ECF No. 47-1 at 5.) By that time, May 23, 2023, more than 180 days had passed since the entry of the Court's November 16, 2022 Memorandum Order. And, by any reading of Plaintiff's letter — whether Plaintiff had not received the "denial order until 2 months" either after the order's entry on November 16, 2022, or prior to her letter on May 23, 2023 — Plaintiff did not file a motion within 14 days after receiving the notice. Thus, neither subsection (A) nor (B) of Federal Rule of Appellate Procedure 4(a)(6) is satisfied.

For the reasons set forth above, and other good cause shown,

**IT IS** on this 11th day of August, 2023, **ORDERED** as follows:

1. Plaintiff is not entitled to relief under Federal Rule of Appellate Procedure 4(a)(6).

*s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**